USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/16/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------- X

COFIMCO USA, INC.,

Plaintiff,

- against -

ROBERTO MOSIEWICZ,

Defendant.

---------------------------------------------------- X

**OPINION AND ORDER**

15-cv-9118 (SAS)

SHIRA A. SCHEINDLIN, U.S.D.J.:

## I. INTRODUCTION

Cofimco USA, Inc. brings this action asserting claims for breach of contract against Roberto Mosiewicz. On December 30, 2004, Cofimco, a fan manufacturer, entered into a patent transfer agreement with Mosiewicz to purchase the rights to "Axial Fan Technology."[1] Cofimco alleged that Mosiewicz failed to properly transfer the patent rights and brought an action for breach of contract in New York state court.[2] Mosiewicz, a resident and citizen of Italy, removed that action to federal court on the basis of diversity jurisdiction under 28 U.S.C. §

---

1 Complaint ¶¶ 6-7.

2 *See id.* ¶ 15.

1332(a). Cofimco now moves to remand this case to state court for lack of diversity jurisdiction, alleging that Cofimco's principal place of business is in Italy. Mosiewicz counters that the parties are diverse because Cofimco's principal place of business is in Texas. For the following reasons, Cofimco's Motion to Remand is DENIED.

## II. BACKGROUND

Cofimco is incorporated in Virginia.[3] In filings with the Virginia State Corporation Commission ("SCC"), Cofimco lists 9660 Grunwald Road, Beasley, Texas 77417 as its "Principal Office."[4] Cofimco and a separate but related company, Cofimco S.r.l. ("Cofimco Italy"), were purchased by Hudson Products Holding, Inc. ("Hudson") in 2004.[5, 6] The Cofimco website notes that "[f]ollowing the merger of Hudson Products and Cofimco . . . Cofimco USA

---

[3] *See* Business Entity Details, Ex. 4 to Declaration of Stephen D. Bain, Counsel for Cofimco, in Support of Plaintiff Cofimco USA, Inc.'s Motion to Remand ("Bain Decl."); 2014 Annual Report, Ex. 5 to Bain Decl.

[4] Business Entity Details; 2014 Annual Report.

[5] I refer to Cofimco USA as "Cofimco" and Cofimco S.r.l. as "Cofimco Italy."

[6] *See* Declaration of DeWayne Youngberg, General Counsel for Cofimco USA, Inc., in Support of Plaintiff Cofimco USA, Inc.'s Motion to Remand ("Youngberg Decl.") ¶ 6.

manufacturing was moved from Chesapeake, Va. [sic] to Beasley, TX."[7]

Cofimco has three officers all of whom work in the Beasley, Texas "Principal Office."[8] Notably, this office also serves as the headquarters of Hudson.[9] The President of Cofimco, Grady Walker, is also the President and Chief Executive Officer of Hudson.[10] DeWayne Youngberg serves as General Counsel for Cofimco[11] and as "In-House/Corporate Counsel" for Hudson.[12] Walker and Frank Pierce, also located in Beasley, Texas, serve as Cofimco's only two directors.[13] In addition, Cofimco has one employee, a sales manager, located in

---

7 Cofimco Website, Ex. 1 to Declaration of Ryan P. Johnson, Counsel for Mosiewicz, in Opposition to Plaintiff's Motion to Remand Case to State Court ("Johnson Decl."). Based on the record, I conclude that all of Cofimco's manufacturing occurs in Texas, notwithstanding Cofimco's unsupported assertion that "some of [it]s manufacturing occurs in Texas." Plaintiff's Reply Memorandum of Law in Further Support of Motion to Remand ("Reply Mem.") at 3.

8 2014 Annual Report.

9 *See* S & P Report, Ex. 3 to Johnson Decl.; Risk Management Report, Ex. 4 to Johnson Decl.

10 *See* S & P Report; Risk Management Report.

11 2014 Annual Report.

12 Youngberg Bar Profile, Ex. 2 to Johnson Decl.

13 *See* Youngberg Decl. ¶¶ 3-4.

Virginia.[14] Finally, Mosiewicz has submitted documentation that some, if not all, of his correspondence with Cofimco related to this litigation originated in the nearby cities of Houston, Texas or Sugar Land, Texas.[15]

Nonetheless, Cofimco submits two declarations – with no supporting exhibits – which assert that Cofimco's principal place of business is in Italy where Ettore Giorgi, head of Cofimco Italy, is located. Giorgi and Youngberg aver that after both Cofimco entities were acquired by Hudson, Giorgi, who resides and works in Italy, continued to act as the de jure "President and **C**hief **E**xecutive **O**fficer of Cofimco Italy," and, according to the declarations, he serves as the de facto "general manager and **c**hief **e**xecutive **o**fficer for all of the Cofimco business worldwide, including Cofimco USA."[16] Giorgi, however, is not a "named officer,

---

[14] *See id.* ¶ 5.

[15] *See* Defendant Roberto Mosiewicz's Opposition to Cofimco USA, Inc.'s Motion to Remand at 4 ("All of Cofimco USA's requests regarding the Patent Transfer Agreement have come from Texas—usually from individuals associated with Hudson—and never from Cofimco Italy or any Italian entity."). *See also* Letters from Cofimco's Counsel, Exs. 5-8 to Johnson Decl.

[16] Youngberg Decl. ¶ 8 (emphasis added). Cofimco apparently uses capital letters to denote a legally held position while using lower case letters to denote that the person performs the functions of that position despite having no legal relationship with the company. I assume this to be so – despite no indication in any of the initial materials submitted by Cofimco – because to take the sworn declarations at face value would mean the declarants have materially misstated facts and intended to mislead the court. *See also* Declaration of Ettore Giorgi in Support of Plaintiff Cofimco USA, Inc.'s Motion to Remand ("Giorgi Decl.") ¶ 4

director or employee of Cofimco," nor does he possess any other legal authority over Cofimco.[17]

Despite the lack of legal authority, Giorgi and Youngberg declare that Giorgi "ultimately direct[s], control[s], coordinate[s], and [is] the main decision maker and executive authority for Cofimco USA's finances . . . [and] general business activities."[18] Indeed, they both also declare that "[t]he named officers and board members of Cofimco USA do not have independent and autonomous authority to manage, direct, control, coordinate, and implement policy decisions or corporate activities without the direction and approval of Ettore Giorgi and Cofimco Italy."[19]

---

("In my role as President and **C**hief **E**xecutive **O**fficer of Cofimco Italy, I serve as general manager and **c**hief **e**xecutive **o**fficer for all of the Cofimco business worldwide, including Cofimco USA." (emphasis added)). This statement raises more questions than it answers. Is Giorgi the legal CEO of Cofimco or merely acting as such?

17 Reply Mem. at 2.

18 Giorgi Decl. ¶¶ 7-8. *Accord* Youngberg Decl. ¶¶ 9-10 ("Giorgi directs, controls, and coordinates the day to day business activities of all Cofimco fans business units, including the business activities of Cofimco USA. . . . Giorgi ultimately directs, controls, coordinates, and is the main decision maker and executive authority for Cofimco USA's finances.").

19 Youngberg Decl. ¶ 14. *Accord* Giorgi Decl. ¶ 10 ("The named officers and board members of Cofimco USA do not have independent and autonomous authority to manage, direct, control, coordinate, and implement corporate activities without my direction and approval and that of Cofimco Italy.").

Giorgi asserts that he "report[s] only to [Walker,] the President and Chief Executive Officer of Hudson." Yet according to Giorgi and Youngberg "[t]he named officers and board members of Cofimco USA [including Walker] serve in an administrative role only, in order to maintain the corporate status and perform other entity administrative functions for Cofimco USA."[20] The declarations conclude that "Cofimco USA has its headquarters in Pombia, Italy."[21]

## III. APPLICABLE LAW

Pursuant to 28 U.S.C. § 1332(a), "district courts shall have original jurisdiction" when the amount in controversy exceeds $75,000 and the dispute is between, inter alia, "citizens of a State and citizens or subjects of a foreign state." However, "'diversity is lacking within the meaning of th[is] section[] where the only parties are foreign entities.'"[22] "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."[23] "Furthermore,

---

[20] Giorgi Decl. ¶ 9; Youngberg Decl. ¶ 13.

[21] Giorgi Decl. ¶ 11; Youngberg Decl. ¶ 15.

[22] *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.a.r.l*, 790 F.3d 411, 424 (2d Cir. 2015) (quoting *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002)).

[23] 28 U.S.C. § 1332(c)(1).

it is well established that '[t]he party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete.'"[24]

In this case, the parties agree that Cofimco is incorporated in Virginia. The only pertinent inquiry is determining where Cofimco's principal place of business is located. In *Hertz Corporation v. Friend*, the Supreme Court concluded that "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities."[25] This place "should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings."[26] In so finding, the Court sought a simpler test, rejecting the complex "business activity" or "center of gravity" tests that proliferated in different iterations across the circuit courts.[27]

---

[24] *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322-23 (2d Cir. 2001) (quoting *Advani Enter., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998)).

[25] 559 U.S. 77, 92-93 (2010).

[26] *Id*. at 93.

[27] *Id*. at 91.

The Court justified this conclusion on three grounds. *First*, the text of the statute demands that the "principal place" be a singular place.[28] *Second*, the "nerve center" test is supported by a judicial policy of simplicity and predictability which "is valuable to corporations making business and investment decisions."[29] The approach adopted by the Court "which ordinarily equates that 'center' with a corporation's headquarters, is simple to apply *comparatively speaking*."[30] *Third*, the Court concluded that the statute's legislative history also emphasized simplicity when the Judicial Conference rejected another proposed test as "too complex and impractical to apply."[31] The Supreme Court did concede that even this simplified test may lead to "hard cases," but noted that the test "nonetheless points courts in a single direction, towards the center of overall direction, control, and coordination."[32]

Subsequent decisions interpreting *Hertz* have emphasized that the inquiry should focus on the locus of ultimate decision making authority, as opposed to where "a corporation's day-to-day operations are managed," to

---

[28] *Id*.

[29] *Id*. at 94.

[30] *Id*. at 95 (emphasis in original).

[31] *Id*.

[32] *Id*. at 96.

determine a corporation's nerve center.[33] However, where ultimate control is "generally unexercised" a court should look to the "actual center of direction, control, and coordination."[34]

## IV. DISCUSSION

If the Giorgi and Youngberg declarations were credible, this would perhaps be one of the hard cases referenced by the Supreme Court. Fortunately for this Court, they are not. All of the exhibits submitted in this case point to Texas as Cofimco's principal place of business. Hudson, headquartered in Beasley, Texas, purchased Cofimco in 2004. Following this purchase, Cofimco moved all of its manufacturing to Beasley, Texas.[35] The new Cofimco officers and board of

---

[33] *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 172 (4th Cir. 2014). *Accord St. Paul Fire & Marine Ins. Co. v. Scopia Windmill Fund, LP*, 87 F. Supp. 3d 603, 605 (S.D.N.Y. 2015) ("Although the nerve center test is neither as clear-cut nor as simple to determine as the Supreme Court evidently intended, nonetheless, as subsequent courts have recognized, the test focuses on where a corporation's 'high-level' decisions are made, not where day-to-day activities are managed." (quoting *Central W. Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 106 (4th Cir. 2011))).

[34] *St. Paul Fire & Marine*, 87 F. Supp. 3d at 608 (internal quotations omitted). *Accord Hoschar*, 739 F.3d at 172 (noting that "ultimate control is actual control, provided that ultimate control amounts to directing, controlling, and coordinating the corporation's activities").

[35] While the existence of manufacturing in a certain state does not prove the location of direction, control, and coordination, the fact that manufacturing was relocated to the same city where the officers and directors of Cofimco sit speaks to the level of control exerted by these individuals. *See Hertz*, 559 U.S. at 96 ("For

directors all operate out of Beasley, Texas. Consistent with this, Beasley, Texas is listed as the principal office for Cofimco in documents filed with the SCC of Virginia. Finally, some, if not all, of Cofimco's communication with Mosiewicz about the present litigation originated in the Beasley, Texas area.

The only evidence in the record pointing to Italy as the "nerve center" are the two self-serving declarations submitted by Cofimco. I give these declarations little weight.[36] Both declarations state legal conclusions[37] – parroting the language of the *Hertz* decision – without providing any supporting details for

---

example, if the bulk of a company's business activities visible to the public take place in New Jersey, while its top officers direct those activities just across the river in New York, the 'principal place of business' is New York.").

[36] *See Ravishanker v. Mphasis Infrastructure Servs., Inc.*, No. 15 Civ. 02346, 2015 WL 6152779, at *2 (N.D. Cal. Oct. 20, 2015) ("[R]eliance on a single declaration by one of [defendant's] directors is insufficient to support its claim for diversity jurisdiction."). *Cf. Law Offices of Bruce E. Baldinger, LLC v. Barchha*, No. 13 Civ. 9124, 2015 WL 1284266, at *3 (S.D.N.Y. Mar. 20, 2015) (denying a motion for summary judgment where "[d]efendants' evidence consists solely of two [self-serving] declarations"); *Kobrand Corp. v. Abadia Retuerta S.A.*, No. 12 Civ. 154, 2012 WL 5851139, at *4 (S.D.N.Y. Nov. 19, 2012) ("[S]elf-serving, conclusory affidavits, standing alone, are insufficient to create a triable issue of fact and defeat a motion for summary judgment." (citing *BellSouth Telecomms., Inc. v. W.R. Grace & Co.-Conn.*, 77 F.3d 603, 615 (2d Cir. 1996))).

[37] *See Miller Marine Servs., Inc. v. Travelers Prop. Cas. Ins. Co.*, 197 Fed. App'x 62, 64 (2d Cir. 2006) (recognizing a court's authority to disregard affidavits that state only legal conclusions); *Larouche v. Webster*, 175 F.R.D. 452, 455 (S.D.N.Y. 1996) ("When ultimate facts and legal conclusions appear in an affidavit, such extraneous material should also be disregarded by the court.").

the assertions that Giorgi "directs, controls, and coordinates" "day to day [sic] business activities," "finances," and "manufacturing."[38] Indeed, the two declarations are nearly identical to each other save for the necessary pronoun and verb corrections.

None of the bald-faced assertions made in these declarations are supported by any documentation or even examples of the types of decisions allegedly made by Giorgi. In fact, the only other extrinsic evidence provided by Cofimco related to its principal place of business – documents filed with the SCC of Virginia – support the conclusion that Beasley, Texas is the nerve center of Cofimco.

Giorgi's and Youngberg's attempted obfuscation of Giorgi's actual relationship to Cofimco and Hudson further detract from the persuasive power of their statements.[39] The relationship attested to by the declarations, finally teased out by Mosiewicz, is as follows: Walker – acting as the President of Cofimco and exercising exclusively administrative authority – takes direction from Giorgi –

---

[38] Youngberg Decl. ¶¶ 9-12. *Accord* Giorgi Decl. ¶¶ 6-8.

[39] *See supra* note 16. While Cofimco submits documents indicating that Walker serves as President of Cofimco, the declarations only note that "Giorgi . . . report[s] only to the President and Chief Executive Officer of Hudson" but conveniently omit that Walker also fills this role. Youngberg Decl. ¶ 9. *Accord* Giorgi Decl. ¶ 6.

acting as the "gm" and "ceo" of Cofimco – who then takes direction from Walker, now acting as the President and CEO of Hudson. Properly understood, Walker is still the ultimate decision maker in such an arrangement.

The parties agree that Mosiewicz is a citizen of Italy, that Cofimco is incorporated in Virginia, and that the amount in controversy exceeds $75,000. Mosiewicz has carried his burden of demonstrating diversity of citizenship by proving that Cofimco's principal place of business is in Texas.

## V. CONCLUSION

For the foregoing reasons, Cofimco's Motion to Remand is DENIED. The Clerk of the Court is directed to close this motion (Dkt. No. 13). A conference is scheduled for March 31, 2016 at 4:00 PM.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
March 16, 2016

**-Appearances-**

**For Plaintiff:**

Stephen D. Bain, Esq.
Bain & Barkley, LLP
14090 Southwest Freeway, Suite 450
Sugar Land, TX 77478
(281) 980-3100

Michael A. Freeman, Esq.
Greenberg Freeman, LLP
110 East 59th Street
22nd Floor
New York, NY 10022
(212) 838-3121

**For Defendant:**

Adam Gahtan, Esq.
Ryan P. Johnson, Esq.
Jackson T. Herndon, Esq.
Paul B. Carberry, Esq.
White & Case LLP
1155 Ave. of the Americas, Suite 2040
New York, NY 10036
(212) 819-8200